UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| LEE ANNA BECKNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | 5:17-cv-490-JMH-MAS |
| | ) | |
| UNIVERSITY OF KENTUCKY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*

Plaintiff Lee Anna Becknell claims that the University of Kentucky terminated her employment in retaliation for her use of leave under the Family Medical Leave Act ("FMLA").[1] The University of Kentucky moves to exclude certain evidence at trial. [DE 39]. First, the University moves to exclude presentation of any evidence about the University's liability insurance and other appeals of financial disparity to the jury. Second, the University moves to prohibit presentation of evidence about the findings made by the Kentucky Unemployment Insurance Commission related to this matter. Becknell responded to the University's motion [DE 44] and the University replied [DE 45], making this matter ripe for review.

---

[1] Plaintiff's FMLA interference claim was resolved in the Court's recent memorandum opinion and order. [DE 57]. As such, the only remaining issue for trial is whether termination of Becknell's employment constitutes FMLA retaliation. Additionally, a detailed recitation of the underlying facts may be found in the Court's memorandum opinion and need not be repeated in this order.

1

After considering the parties' briefing, the University's motion in limine [DE 39] is **GRANTED**. Evidence of the University's liability insurance to prove wrongdoing must be excluded under Federal Rule of Evidence 411. Evidence of the financial disparity between the parties is irrelevant and is excluded under Rule 401 and based on relevant case law. Finally, evidence of the findings of the Kentucky Unemployment Insurance Commission is excluded under Rule 403 but may be used for impeachment or some other admissible purpose.

## I. Analysis

### A. Evidence of Liability Insurance and Financial Disparity

First, the University moves to exclude the presentation of any evidence about the presence of liability insurance or the financial disparity between the University of Kentucky and the Plaintiff. The Plaintiff does not oppose the University's motion in limine on these points.

As it pertains to the presence of liability insurance, this evidence is specifically prohibited by the Federal Rules of Evidence when the presence of liability insurance is used to prove whether a person acted negligently or wrongfully. Rule 411 states, "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Of course, this evidence may be admissible when used "for another purpose, such as

2

proving a witness's bias or prejudice or proving agency, ownership, or control." *Id*. As a result, presentation of any evidence about the University's liability insurance, to the extent that it is used to prove or suggest wrongdoing on the part of the University, is excluded.

References to financial disparity between the University and the Plaintiff must similarly be excluded because such references may deprive the University of a fair trial and be unfairly prejudicial. The United States Court of Appeals for the Sixth Circuit has recognized that "[a]ppealing to the sympathy of jurors through references to financial disparity is improper." *City of Cleveland v. Peter Kiewit Sons Co.*, 624 F.2d 749, 755-59 (6th Cir. 1980) (quoting *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978)).

Moreover, even outside of the liability insurance context, evidence of financial disparity between the University and Becknell in this case may be excluded under Rule 401 because it is wholly irrelevant. The financial disparity between the parties in this action has no tendency to make any relevant fact more or less probable than it would be without mention of the financial disparity and is of no consequence in determining this action. At this juncture, the relevant question of fact before this Court is whether the University had a legitimate, non-discriminatory reason for terminating Becknell's employment or alternatively whether the

proffered legitimate reason is pretext for FMLA retaliation. Whether the University's general fund contains one dollar, or one hundred million dollars, is of no moment in determining whether the University terminated Becknell based on her use of FMLA leave.

As such, any evidence of the University's liability insurance or the financial disparity between Becknell and the University is excluded.

**B. Evidence of the Findings of the Kentucky Unemployment Insurance Commission**

Second, the University seeks to exclude evidence about findings made by the Kentucky Unemployment Commission. In response, Becknell claims that she does not intend to introduce the findings of the Commission as substantive evidence but that the parties' sworn testimony and submissions to the Commission are relevant and admissible for impeachment purposes to the extent that Defendant's testimony at trial is inconsistent with these sworn statements.

Here, while the findings of the Kentucky Unemployment Insurance Commission are relevant under the Rule 401 standard, the findings are excluded based on Rule 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

4

cumulative evidence." Fed. R. Evid. 403. In the present case, the probative value of the findings of the Kentucky Unemployment Insurance Commission is substantially outweighed by a danger of unfair prejudice. If introduced, the jury may be tempted to simply adopt the findings and conclusions of the Commission as its own instead of making independent findings based on the evidence submitted at trial. As a result, evidence of the *findings* and *conclusions* of the Kentucky Unemployment Insurance Commission that are related to the issues in this action is excluded.

Even so, that is not to say that testimony and submissions provided to the Kentucky Unemployment Insurance Commission are not relevant for some other purpose, namely for impeachment. The Court understands the University's motion in limine to only request exclusion of introduction of the *findings* of the Commission and not exclusion of all documents and testimony provided to the Commission.

In conclusion, Becknell may not introduce the findings of the Kentucky Unemployment Insurance Commission as evidence in this action. Still, sworn statements and testimony provided to the Commission may be admissible for another purpose pursuant to the Federal Rules of Evidence.

## II. Conclusion

Accordingly, having considered the University's motion in limine, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) The University of Kentucky's motion in limine [DE 39] is **GRANTED**;

(2) Any evidence, mention of, or argument about the University's liability insurance or appeals to the financial disparity between the parties is **EXCLUDED**; and

(3) Any evidence, mention or, or argument about findings made by the Kentucky Unemployment Insurance Commission pertaining to this dispute between the parties is **EXCLUDED**.

This the 23rd day of April, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge